UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAURO VARGAS BRIONES,

       Petitioner,

    v.

ASSOCIATE DIRECTOR MARCOS
CHARLES, INTERIM DIRECTOR
JUAN AGUDELO, CHARLES
WALL, ACTING US ATTY GEN
TODD BLANCHE, MARKWAYNE
MULLIN, ACTING DIRECTOR
TODD M. LYONS, SHERIFF
DAVID HARDIN, JOHN DOE,

       Respondents,

Case No. 2:26-cv-1120-KCD-DNF

## **ORDER**

After many years living in the United States, Petitioner Mauro Vargas Briones was detained by U.S. Immigration and Customs Enforcement. He then filed a habeas corpus petition challenging the statutory basis of his confinement. The Court granted the petition in part, holding that because of his lengthy residence in the United States, Briones was entitled to a bond hearing under 8 U.S.C. § 1226 rather than mandatory detention under § 1225. (Doc. 8.)[1]

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

With Briones prevailing on the merits, he now seeks attorneys' fees under the Equal Access to Justice Act (EAJA). To trigger EAJA, the following conditions must be met: (1) Briones must be the prevailing party in any civil action involving the United States; (2) the position of the United States must not have been substantially justified; (3) he must file a timely application for attorneys' fees; and (4) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1)(A).

It appears that Briones hits the first, third, and fourth requirements: he is undeniably the prevailing party, his fee application arrived within the clock, and there are no special circumstances lurking here that would make an award unjust. The entire dispute boils down to whether the Government's position was "substantially justified."

For the reasons previously explained by this Court in *Perez v. Sec'y, Dep't of Homeland Sec.*, the Government's litigation position, although ultimately wrong in the Eleventh Circuit, was a plausible, good-faith interpretation of an unsettled statutory scheme. No. 2:25-CV-1052-KCD-NPM, 2026 WL 1827498, at *2 (M.D. Fla. June 25, 2026). The Court can reach no other conclusion here. Accordingly, the Petition for Attorneys' Fees under EAJA (Doc. 10) is **DENIED**.

2

**ORDERED** in Fort Myers, Florida on July 7, 2026.

Kyle C. Dudek
United States District Judge